IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN T. SINGER,

                Plaintiff,

v.

DR. SCHETTLE, WCI DENTAL ASSISTANT,
WCI HSU MEDICAL SUPERVISOR, and
WCI WARDEN,

                Defendants.

OPINION & ORDER

18-cv-503-jdp

---

Pro se plaintiff Kevin T. Singer, an inmate incarcerated at the Waupun Correctional Institution (WCI), brings this civil complaint under 42 U.S.C. § 1983 alleging that defendants, WCI officials, failed to respond adequately to his medical needs. Singer has paid the initial partial filing fee for this action as ordered by the court.

The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). I will allow Singer to proceed on Eighth Amendment deliberate indifference claims against defendants Dr. Schettle and John Doe WCI dental assistant. I will deny him leave to proceed against defendant John Does WCI HSU medical supervisor and WCI warden. I will allow him the opportunity to supplement his complaint with information relevant to additional claims.

## ALLEGATIONS OF FACT

I draw the following facts from Singer's complaint, Dkt. 1, and I accept them as true at the screening stage.

Singer is an inmate at WCI. He's "a very well-known self-cutter" with "many visible scars." *Id.* ¶ 2. Defendants work at WCI. Dr. Schettle is the dentist; Singer doesn't know the names of the remaining defendants, so he identifies them by their job titles: dental assistant, medical supervisor, and warden.

On May 8, 2017, Singer went to the dentist and was told that he had a cavity and needed a tooth extraction. He was also told that he would be charged a co-pay of $7.50 for the procedure. Singer refused to pay the co-pay and threatened the dentist and dental assistant that he would "cut the tooth out" himself if they didn't do it for him. *Id.* ¶ 13. I infer that the cavity was causing him pain. They refused to perform the procedure.

On June 1, Singer was called back to the dentist's office. He again refused to pay the co-pay and threatened to perform the procedure himself. The dentist and dental assistant again refused to perform the procedure.

Sometime after that, Singer tried to extract his tooth himself. On June 9, Singer was called back to the dentist's office. He explained that when he pulled out the tooth, it broke, and some of the pieces remained in his mouth. (Singer doesn't explain what the dentist and dental assistant did in response, if anything.)

On June 11, Singer went to the health services unit to stop the bleeding in his mouth. The next day, he was called back to the dentist's office. The dentist "waived" the co-pay and extracted the tooth. *Id.* ¶ 17.

Throughout this time, Singer had "excruciating pain" and was unable to eat. *Id.* ¶ 19. At some point, Singer filed a grievance about the dental services, and the warden dismissed it.

ANALYSIS

Singer attempts to bring claims under 42 U.S.C. § 1983 for violation of his rights under the Eighth Amendment. The Eighth Amendment prohibits prison officials from acting with deliberate indifference toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To state a deliberate indifference claim, Singer must allege that each defendant was aware of a serious medical need and consciously failed to take reasonable measures to help him. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A serious medical need is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006).

I conclude that Singer's cavity was likely a serious medical need. But "the Eighth Amendment does not compel prison administrators to provide cost-free medical services to inmates who are able to contribute to the cost of their care." *Poole v. Isaacs*, 703 F.3d 1024, 1026-27 (7th Cir. 2012). In his complaint, Singer does not state whether he can afford the co-pay. So I will dismiss Singer's claim against Schettle for failure to comply with Federal Rule of Civil Procedure 8, which requires a plaintiff to include in his complaint "a short and plain statement of the claim showing that [he] is entitled to relief." I will allow him an opportunity to supplement his complaint to provide additional information about whether he could afford the co-payment. Although the dental assistant was also in the room, I do not take the assistant to have been in a position to override the dentist's decision or to provide the necessary

treatment to Singer himself, so I will not allow Singer to proceed on an Eighth Amendment claim against the dental assistant concerning the refusal to pull his tooth.

But there's another serious medical need at issue in Singer's complaint: his risk of self-harm. *See Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). Both the dentist and the dental assistant were aware of this risk: Singer told them that he'd pull his own tooth and Singer has a well-known history of self-harm. And both defendants were in a position to do something to mitigate the risk: inform the psychological services unit. But they didn't do that. So I will allow Singer to proceed on separate Eighth Amendment claims against Schettle and the dental assistant concerning the failure to prevent Singer from engaging in self-harm. Because Singer doesn't know the dental assistant's name, I will refer to the dental assistant as John Doe. At the preliminary pretrial conference that will be held later, Magistrate Judge Stephen Crocker will explain the process for Singer to identify the name of the dental assistant and to amend the complaint to include the proper identity of this defendant.

That leaves the medical supervisor and the warden, who were not personally involved in the events. To be liable under § 1983, a defendant must have some personal involvement in the constitutional deprivation. *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1036 (7th Cir. 2003). A supervisor may be held liable if "the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Wilson v. Warren County*, 830 F.3d 464, 469 (7th Cir. 2016) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). But Singer has not alleged that the medical supervisor was aware of his cavity or his risk of self-harm, let alone that the supervisor directed or consented to the other defendants' actions. He alleges only that the supervisor is responsible for setting policies and
4

"monitoring the execution of those policies." Dkt. 1, ¶ 11. So I will deny him leave to proceed against the medical supervisor.

As for the warden, Singer alleges that the warden received and denied a grievance about the dentist's refusal to pull Singer's tooth, but he doesn't allege when that happened. Without this information and information about Singer's ability to afford the co-pay, I cannot infer from the allegations in his complaint that the warden knew of his serious medical needs at a point in time in which the warden could have helped Singer. So I will dismiss Singer's claim against the warden for failure to comply with Rule 8, too. But I will allow him an opportunity to supplement his complaint explaining when he submitted his grievance and when the warden denied it. I will stay service of his complaint on defendants pending screening of his supplemental complaint. If Singer does not submit a supplemental complaint by the deadline set forth below, I will dismiss the claims against Schettle and the warden concerning the refusal to pull Singer's tooth without a co-pay and the case will proceed against Schettle and the dental assistant on claims concerning Singer's risk of self-harm alone.

ORDER

IT IS ORDERED that:

1. Plaintiff Kevin T. Singer is GRANTED leave to proceed on Eighth Amendment deliberate indifference claims against defendants Dr. Schettle and John Doe WCI dental assistant concerning his risk of self-harm.

2. Plaintiff's request for leave to proceed on an Eighth Amendment claim against Dr. Schettle the warden concerning the refusal to pull his tooth without a co-payment is DENIED without prejudice. Plaintiff may have until August 20, 2018, to supplement his complaint with information concerning his ability to afford the co-payment and when he filed his grievance. If plaintiff does not submit a supplement to his complaint by that date, these claims will be dismissed.

3. Plaintiff's remaining claims are DISMISSED for failure to state a claim upon which relief can be granted.

4. Service of the complaint is STAYED pending screening of plaintiff's supplemental complaint.

Entered July 30, 2018.

>BY THE COURT:
>
>/s/
>_____
>JAMES D. PETERSON
>District Judge